WILLIAM NANCE, ADMINISTRATOR, PLAINTIFF IN ERROR, v. FALLS CITY, DEFENDANT IN ERROR.

| 16 | 85 |
|---|---|
| 18 | 555 |
| 24 | 540 |
| 16 | 85 |
| 28 | 812 |
| 16 | 85 |
| 36 | 146 |
| 16 | 85 |
| 43 | 738 |
| 16 | 85 |
| 50 | 544 |

1. Cities Second Class: CLAIMS. The word "claims" in section 80 of the chapter relating to cities of the second class applies alone to those arising upon contract, and not upon tort—as for the death of a person through the negligence of the city.

2. Judgment for costs reversed and taxed to the city.

ERROR to the district court for Richardson county. Tried below before DAVIDSON, J.

*Isham Reavis* and *E. W. Thomas*, for plaintiff in error.

*Martin & Gilman*, for defendant in error.

MAXWELL, J.

This action was brought in the district court of Richardson county by the plaintiff as administrator of George I.

Nance, deceased, to recover from the defendant for negligently causing the death of the plaintiff's intestate. It appears from the record that the defendant, in the year 1874, had excavated a pit on Seventh street, "at a point where there is a spring furnishing at all times sufficient water to keep said pit full and running over;" that in the year 1877 a public school house was erected near said pit, and the scholars were in the habit of assembling at this pit or spring; that in the year 1880 the enclosure around the pit or spring was entirely broken down and there was no protection around it whatever, when George I. Nance, aged nine and one-half years, and Frank Nance, aged seven years, without the knowledge of the plaintiff or his wife, went to the pit, where the younger fell into the water and was in danger of being drowned. Thereupon George plunged into the water and with the aid of others who arrived in the meantime succeeded in rescuing his brother, but was afterwards drowned before being got out of the pit. On the trial of the cause the jury returned a verdict in favor of the plaintiff for fifty-two dollars and thirty-six cents. The court thereupon rendered judgment on the verdict, and that the plaintiff pay his own costs, and this is the error complained of.

The question of the amount of the verdict is not before the court, but it is difficult to perceive by what process of reasoning the jury could have fixed the damages at the insignificant sum named, if they found, as they must have done, that the plaintiff was entitled to recover.

The attorneys for the defendant contend that under the provisions of section 80 of the act in relation to cities of the second class [Comp. Stat., chap. 14] all claims must be presented to the city council for allowance or rejection, to entitle a person to recover costs. We think the word "claims," as used in the statute, refers alone to those arising upon contract, and not to claims arising, as in this case, from a tort. It was not intended that a city council should

determine the money value of a person killed through the city's neglect. ˙ This question was recently before the supreme court of Wisconsin, and it was held that the words "claim and demand" in a city charter apply to claims or demands arising upon contract only. *Bradley v. Eau Claire*, 14 N. W. R., 10. *Ruggles v. Fond du Lac*, 53 Wis., 436. *Kelley v. Madison*, 43 Id., 638.

As the costs were taxed to the plaintiff under the evident misapprehension that the claim must be presented to the city council to entitle him to recover, the judgment as to costs is reversed and judgment for costs will be rendered against the defendant.

JUDGMENT ACCORDINGLY.

THE other judges concur.