THE VILLAGE OF PONCA, PLAINTIFF IN ERROR, v. JAMES CRAWFORD, DEFENDANT IN ERROR.

1. **Evidence.** The rule of evidence which precludes the proof of the contents of written instruments or records by parol testimony, does not preclude oral testimony of the existence of such instruments or records preliminary to their introduction or proof of their loss or destruction.

2. **Discretion of Court.** The order of introducing evidence is discretionary with the trial court.

3. **Error Without Prejudice.** A judgment will not be reversed nor a verdict set aside for an error which has been committed without prejudice to the party complaining.

4. **Personal Injuries:** DAMAGES: EVIDENCE. Where in an action for damages resulting from personal injuries a physician, being a son of plaintiff, was permitted to testify, over the objection of defendant, to the opinions expressed by consulting physicians who were called to examine plaintiff as to the results of the injury, it was *Held,* To be error, the testimony being incompetent and hearsay.

ERROR to the district court of Dixon county.   Tried below before CRAWFORD, J.

*Gantt & Norris,* for plaintiff in error.

*L. S. Fawcett* and *Barnes Bros.,* for defendant in error.

REESE, J.

This action was instituted in the district court by defendant in error to recover damages alleged to have been sustained by reason of personal injuries suffered in the corporate limits of defendant, by falling from the end of a sidewalk onto a " saw-bench" and other obstructions which had been left lying at the end of the sidewalk. The sidewalk was laid along the east side of Union street from Third street south, along the west side of a building to its south-west corner, where it terminated at a height of about three feet above the ground, and without any steps or other convenient way of getting onto or off the sidewalk. The night of the accident was a dark one.   Defendant in error, being a stranger in the village, and desirous of passing south on Union street, took the sidewalk referred to, following it to the end, where he discovered the termination of the walk by the dark appearance in front of him, but supposing it had been provided with steps or other convenient method of descent, placed one foot on the end of the sidewalk and reached down with the other, "feeling" for the step.   He lost his balance and fell, receiving the injury complained of.   The trial resulted in a verdict in favor of defendant in error for $1,100.00, upon which judgment was rendered.   Plaintiff in error brings the case to this court, and seeks a review.   The questions presented for discussion will be noticed in the order in which they occur in the brief of plaintiff in error.

The first proposition to which our attention is called is,

that the district court erred in overruling a motion for an order on defendant in error requiring him to make his petition more definite and certain. We are unable to find any record of a ruling upon this motion, and as an answer to the petition was subsequently filed, we must presume the motion was waived.

On the trial one W. H. Clark was a witness for the purpose of proving certain steps taken by the citizens of plaintiff in error preliminary to its organization as a village, that question having been put in issue by the answer. This witness testified that in the year 1876 he was one of the members of the board of county commissioners of Dixon county. He was then asked whether or not there was ever presented to the board of commissioners of which he was a member a paper purporting to be a petition asking for the incorporation of the village of Ponca. This question was objected to by plaintiff in error as being incompetent, irrelevant, and immaterial, and not the best evidence, the petition itself being the best evidence. The objection was overruled, and the ruling of the court is now assigned for error. Leaving out of consideration the fact that the petition was shown by the next witness to be lost, we cannot see that the court erred in overruling this objection. The question put to the witness did not seek to prove the contents of the paper referred to, but the fact that what purported to be such a paper had existed and was presented to the commissioners. We do not understand that the rule prohibiting oral proof of the contents of a paper also prohibits proof of the existence of such a document.

The county clerk was called as a witness, and after the necessary preliminary proof the county commissioners' record for July 5, 1876, was offered in evidence, to which objection was made as incompetent, irrelevant, and immaterial. This objection was overruled, and the ruling is complained of. This record was clearly competent, relevant, and material. Had the objection been urged that the proper

foundation had not been laid by the introduction of the petition, or proof of its loss, a different question would have been presented, and the witness could have been interrogated, if necessary, as he was a moment afterward, as to the loss of the petition. The record showed by its recitals that a petition was filed, and while we do not decide that any further proof was necessary, yet, if such were the case, the want was supplied by proof of the loss of the petition. Objection was also made to the introduction of two patent deeds from the United States to the trustees of Ponca, under the act of congress of March 3, 1855, commonly known as the " Town Site Act," by which the land upon which the village is situated was deeded to the corporate authorities of defendant. These patents were introduced for the purpose of proving the incorporation in fact of defendant. Whether they were competent for that purpose is not a controlling question in this case, for the reason that their introduction could work no possible prejudice to plaintiff in error, since it was shown by defendant's own records that the trustees appointed by the county commissioners on the 5th day of July, 1875, duly qualified and entered upon the discharge of their duties on that day, and that the corporate powers of defendant had been maintained and exercised ever since. While it was material and necessary to show the incorporation of defendant, yet the legality of each step taken in such organization and incorporation, which had been in actual existence for years before the accident, was not a material nor necessary inquiry. *Back v. Carpenter*, 29 Kas., 349. In this connection it is insisted that the court erred in overruling the motion of plaintiff in error to strike out all of the testimony of the witness then upon the stand that did not tend to prove the corporate capacity of plaintiff in error, the court having sustained an objection to further testimony as to the condition of the sidewalk, upon the ground that the incorporation had not been proved. But as the incorpor-

ation was subsequently proven, the error, if one, was with-out prejudice, and could not affect the rights of plaintiff in error. At most it could only reach to the order of the introduction of proof, as it could not be claimed the testi-mony would have been improper had it been introduced after proof of the user of the corporate franchise by plain-tiff in error. The order of the introduction of testimony must be left to the discretion of the trial court. *Goodman v. Kennedy*, 10 Neb., 270.

The clerk of plaintiff in error was called as a witness, and identified the claim presented to the board of trustees for the damages demanded, and which was rejected by them. The claim was admitted in evidence over the objec-tion of plaintiff in error. The object of this evidence, as stated and understood at the time of its introduction, was to show a compliance with section eighty of chapter four-teen, Compiled Statutes of 1881, which provides, in sub-stance, that no costs shall be recovered against a city or village in certain cases where the claim has not been presented to the city council or board of trustees to be audited. As it has been decided by this court that the provision of this section applies alone to claims arising upon contract, and not upon torts, the testimony was improperly admitted. *Nance v. Falls City*, 16 Neb., 85. But whether or not the error would be considered of so prejudicial a character as to require a reversal of the judgment, it is not necessary now to decide, as the judgment will have to be set aside for reasons hereafter given.

The next question presented by plaintiff in error is based upon the action of the court in overruling its objection to the testimony of the witness Dr. R. B. Crawford, a son of defendant in error. Defendant in error in his testimony stated in substance that he had suffered a great deal, and that one of his breasts had become greatly enlarged, and there was at that time a swelling there, and that about two or three weeks before the trial " something swelled up in "

his breast which almost suffocated him. After considera-ble testimony of that character he was caused to remove his clothing and expose his body to the jury, exhibiting the enlargement. When Dr. Crawford, the son, was called as a witness, he testified, among other things, as to this enlargement, and the condition of defendant in error from the time of the injury to the trial. His testimony upon the subject of this enlargement was in part as follows:

Q. State, if you can, what caused that or what it is?

A. I don't exactly know what it is. I will be honest in that confession. I have been puzzled in my own mind in regard to it. So much so that I laid the case before Drs. Frazee, Beggs, and Clinger, of Sioux City, and they were not fully decided in their own minds as to what it was.

Q. Were you present at the time of this alleged examination by those doctors?

A. I was, yes, sir.

Q. Did you take part in it?

A. Yes, sir.

Q. Go on and state what was done.

A. They removed his clothing and examined this enlargement. I had it done with a view to know whether it was endangering his life or not. I was undecided in my own mind whether it was or not, and it worried me a good deal. Their opinion was it was the result of an injury.

Defendant objects as being incompetent and not responsive. Objection overruled by the court. Defendant excepts.

Q. State whether or not you took part in this examination?

A. I did, as I said before, I believe.

Q. State what you found as the result of that examination?

A. They didn't decide fully what it was.

Q. State more fully whether you took part in the examination, and in the forming of the opinion that resulted?

A. Well, if you will allow me to explain, I took him into Dr. Frazee's office first and told him there was a matter that I wanted an opinion about, and if he thought best I wanted other opinions in regard to it. I told him what my opinion was about it. He said he would like to have Dr. Beggs see that also, so we had Dr. Beggs come in, and then we had Dr. Clinger come in, and they all examined that with him. All of us had hands in that examination, and each expressed his opinion of it after it was done. The result of that examination was that we decided that it was the result of an injury.

Defendant objects to the last clause of the above answer as being incompetent, irrelevant, and immaterial, and hearsay, and moves to strike it from the record for that reason. Motion and objection overruled by the court. Defendant excepts.

Q. State your conclusions as the result of that joint examination?

A. I think we all decided that it was a tumor resulting from an injury.

The admission of this testimony so far as it applied to the expressions of opinion by the other physicians was clearly incompetent and prejudicial. The examination was *ex parte* produced by defendant in error and his son, without the knowledge of plaintiff in error, its agents, or attorneys, none of the physicians engaged in it were under oath and no opportunity given the defendant in error to cross-examine them as to the basis of their conclusions. The testimony was upon an essential part of the case, and was simply hearsay.

We know of no rule by which the testimony or opinions of expert witnesses may be produced in evidence, save by the usual methods of taking their testimony where the opinion rests upon the facts of the case on trial. If those doctors had opinions as to the cause of this enlargement of which defendant in error desired the benefit, he should

have placed them upon the witness stand, in order that plaintiff in error might cross-examine them.

It is contended that the court erred in giving certain instructions asked by defendant in error, and in refusing to instruct according to the prayers of plaintiff in error. It is sufficient to say that we have examined these instructions and find no good cause for complaint.

For the error in admitting the objectionable testimony above referred to a new trial must be granted.

The judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.