I. R. ALTER ET AL. V. L. L. COVEY ET AL.

FILED JUNE 19, 1895.    No. 6140.

Trial: RULINGS ON EVIDENCE: REVIEW. Error cannot be predicated upon the refusal of the district court to permit a witness to answer a certain question, when there was made no offer of proofs which would be elicited if the desired answer was permitted to be made.

ERROR from the district court of Howard county. Tried below before HARRISON, J.

*T. T. Bell*, for plaintiffs in error.

*Paul & Templin* and *W. H. Thompson*, contra.

RYAN, C.

In the district court of Howard county plaintiff replevied from the defendant 171 steers, being such surviving part of 200 as had been entrusted to the defendant for keeping through the winter of 1890 and 1891. The

Alter v. Covey.

plaintiff also claimed damages to the amount of $300 on account of the negligent manner in which said 171 steers had been kept, as well as the market value of the other twenty-nine head, which had died or been lost, estimated at $810.    The defendant claimed the right to the possession of the cattle replevied by virtue of his right to an agister's lien by reason of the performance of his own undertakings, evidenced by a written contract, by virtue of which he undertook and did care for and "rough through the winter of 1890 and 1891, 200 head of Utah cattle, at $5 per head."    It was stipulated in this agreement that if aforesaid cattle were lost, or should die through the neglect or fault of the defendants, that they should pay the market value of all cattle which "are so lost or die."    It was conceded that in some inexplicable manner two steers were lost, but the contention of the defendants was that the other twenty-seven head died without their fault or neglect. There was a verdict and judgment for the defendants in the sum of $870.32.

In argument plaintiffs urge as one ground of reversal that they should have been permitted to show what meaning was attached to the expression "roughing through the winter."    It is a sufficient answer to this to say that there was no offer made whereby was shown what the witness, if permitted, would testify was such meaning.    The alleged error, if such it was, is not available, as has been held in many cases by this court.    It is urged that the verdict was for too large an amount, but we can only say as to this that it was within the limits of the proofs, and therefore we cannot now say it was excessive.    These are the only questions discussed in the brief of plaintiffs in error.    The judgment of the district court is

AFFIRMED.

HARRISON, J., having presided at the trial in the district court, took no part in the decision of this case.