CHARLES W. CUNNINGHAM v. STATE OF NEBRASKA.

FILED NOVEMBER 17, 1898. No. 10183.

1. **Criminal Law: SEPARATE TRIALS: PRESENCE OF ACCUSED.** Where two parties jointly indicted are tried separately, it is not error for the court to require the presence of one of them in the court room during the trial of the other.

2. **Indictment: DIFFERENT CRIMINAL ACTS: LARCENY.** Different criminal acts which constitute part of the same transaction, such as burglary with intent to steal particular property and larceny of the property described, may be charged in the same indictment or count thereof. *Lawhead v. State*, 46 Neb. 607, followed.

3. **Burglary: LARCENY: CIRCUMSTANTIAL EVIDENCE: INSTRUCTIONS.** On the trial of a prisoner for burglary and larceny, where the evidence against the accused was circumstantial, the court instructed the jury: "Circumstantial evidence is legal and competent in criminal cases, and if it is of such a character as to exclude every reasonable hypothesis other than that the defendant is guilty, it is sufficient to authorize a conviction." Instruction approved.

4. ———: ———: ———: ———. On such trial the court also instructed the jury: "What is meant by circumstantial evidence, in criminal cases, is the proof of such facts or circumstances connected with or surrounding the commission of the crime charged as tend to show the guilt or innocence of the party charged; and if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such evidence is sufficient to authorize the jury in finding a verdict of guilty." Instruction approved.

5. **New Trial: NEWLY-DISCOVERED EVIDENCE.** A new trial should not

be granted a party on the ground of newly-discovered evidence, unless he makes it appear that the newly-discovered evidence is material for him, and that he could not by the exercise of reasonable diligence have discovered and produced it at the trial.

Error to the district court for Dodge county. Tried below before Marshall, J. *Affirmed.*

*W. S. Shoemaker*, for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

Ragan, C.

Charles W. Cunningham and George Evans were jointly indicted in the district court of Dodge county for having on the night of January 30, 1898, forcibly, feloniously, and burglariously broken into and entered the dwelling-house of one Edward D. Pearcy, and then and there having stolen, taken, and carried away certain personal property belonging to Pearcy and his wife. It appears that Evans and Cunningham were separately tried, Evans having been tried first. Cunningham upon his trial was found guilty, and he brings the judgment pronounced on that conviction here for review. We have carefully examined and considered each of the thirty-two assignments of error argued by Cunningham's counsel in his brief, but deem it necessary to notice here only the following:

1. During the trial of Cunningham Evans was brought into and kept in the court room by order of the court. It is now insisted by Cunningham that this was a practical retrial of Evans, and that since separate trials had been awarded Cunningham and Evans, the action of the district court was erroneous. We do not think it was. The fact that Evans was permitted or compelled to remain in the court room during the trial of Cunningham was in no sense a retrial of Evans.

2. Complaint is made of the courts giving the fourth and fifth paragraphs of his charge. In the fourth in-

struction the court defined the material allegations of the information in regard to the charge of larceny included therein; and by the fifth instruction informed the jury that the burden of proof rested upon the state to prove the charge of larceny, included in the information, beyond a reasonable doubt. The objection urged to these instructions is that they include the crime of larceny with the crime of burglary, and counsel contends that this cannot be done. "Different criminal acts which constitute part of the same transaction, such as burglary with intent to steal particular property and larceny of the property described, may be charged in the same indictment or count thereof." (*Aiken v. State*, 41 Neb. 263; *Lawhead v. State*, 46 Neb. 607.) The court did not err in giving the instructions complained of.

3. Complaint is made of the giving by the court of the tenth paragraph of its charge. It is as follows: "The court instructs the jury that circumstantial evidence is legal and competent in criminal cases, and if it is of such a character as to exclude every reasonable hypothesis other than that the defendant is guilty, it is sufficient to authorize a conviction." This instruction was correct. (*Davis v. State*, 51 Neb. 301; *Morgan v. State*, 51 Neb. 672; *Johnson v. State*, 53 Neb. 103.)

4. Complaint is also made of the giving by the court of the eleventh paragraph of its charge, which was as follows: "The court further instructs the jury that what is meant by circumstantial evidence, in criminal cases, is the proof of such facts or circumstances connected with or surrounding the commission of the crime charged as tend to show the guilt or innocence of the party charged; and if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such evidence is sufficient to authorize the jury in finding a verdict of guilty." We see nothing wrong with this instruction. (*Law v. State*, 33 Tex. 37.)

5. Among the grounds insisted upon by the prisoner

for a new trial was that while his counsel was absent
from the court room the prosecuting attorney, in his
closing argument, said to the jury: "Why did not Mr.
Shoemaker, from Omaha, bring the defendant and his
co-defendant on the stand and explain why these things
were found on them? He did not even bring him on
[turning to defendant and shaking his finger]. He did
not dare to bring him on. No, he sits there mute and
silent." It is now insisted that this language of the
prosecuting attorney was improper and prejudicial to the
prisoner, and that the court erred in not granting the
prisoner a new trial because thereof. If this language
was used by the prosecuting attorney it was improper,
and it was prejudicial to the prisoner on trial. But
on the hearing of the motion for a new trial the pros-
ecuting attorney denied on oath having used this lan-
guage, or anything like it, and he is corroborated by the
testimony of several others who heard his final address
to the jury. The district court found on conflicting evi-
dence that the prosecuting attorney was not guilty of the
conduct attributed to him, and we cannot say that that
finding is wrong. Indeed we think the finding correct.

6. Sixteen days after the verdict of the jury was re-
turned which found the plaintiff in error guilty he filed
an amendment to his motion for a new trial. In this
amendment he moves for a new trial on the ground of
newly-discovered evidence material to his defense, and
which he alleges in the amendment he was unable with
reasonable diligence to discover and produce at the trial.
In support of this amendment he introduced the affidavit
of Evans, with whom he was indicted. In this affidavit
Evans swears that Cunningham was not with him, Evans,
at the time he, Evans, broke and entered the dwelling-
house of Percy. Cunningham made affidavit that Evans
had refused to be a witness for him, Cunningham, on
the trial of the latter's case, and refused to be a witness
for him until after his own case was finally disposed of.
The prisoner's counsel now insists that the court erred

in overruling or disregarding this amendment to the motion for a new trial and in not sustaining it. But it is to be observed that one of the alleged errors assigned here by Cunningham is that Evans was present in the court room during the time Cunningham was on trial. He did not subpœna or call Evans as a witness in his behalf. Had he done so, and had Evans refused to testify, his position here might be different. If Cunningham was not present and did not participate in the burglary which Evans admits he committed, Cunningham was aware of that fact when he was on trial, and in failing to call Evans, who was present, as a witness for him and attempting at least to prove by him that he, Cunningham, was not present when that burglary was committed, he failed to exercise diligence to produce at the trial the testimony which he now insists should furnish him a new trial. Furthermore, it does not appear from the showing made by Cunningham but that he had all the knowledge as to what Evans would testify to when he filed his motion for a new trial on February 28 that he had on March 14. A new trial is not to be granted a party on the ground of newly-discovered evidence, except he makes it appear that the newly-discovered evidence is material for him, and that he could not by the exercise of reasonable diligence have discovered and produced it at the trial. Cunningham failed to bring himself within this rule, and the court committed no error in disregarding the amendment to the motion for a new trial.

7. It is not claimed that the verdict of the jury in this case is not supported by sufficient evidence. But among the assignments argued by counsel numerous ones are directed to the action of the court in the admission and rejection of evidence. All these we have carefully examined and not one of the assignments presents a debatable question of law, and it would subserve no useful purpose to set them out at length here and our reasons for overruling them. The prisoner has had a fair and impartial trial and there is, we are persuaded, in the

record not one error prejudicial to his rights. The judgment of the district court is

AFFIRMED.