## GILBERT JOHNSON v. FRED OPFER.

FILED JUNE 8, 1899.   NO. 8927.

1. **Erroneous Exclusion of Evidence:** ACTION ON NOTE: SIGNATURE OF DEFENDANT. An assignment of error in relation to exclusion of evidence examined, and *held* well taken.

2. ———: ———: ———. Each party testified of one, and only one, conversation in regard to the matter at issue,—the execution of a promissory note. They differed as to the time and place of the conversation. The one gave testimony of admissions made by the other; the latter offered to show what he said at the time and place when and where he claimed to have talked with the former of and concerning the issuable matter. This was excluded. *Held*, Error.

ERROR from the district court of Hamilton county. Tried below before WHEELER, J.   *Reversed.*

*Hainer & Smith*, for plaintiff in error.

*George B. France, contra.*

HARRISON, C. J.

The petition herein declared upon a promissory note, of which it included a copy, and prayed judgment for the

stated sum and interest. The signature of the plaintiff in error, as shown on the copy of the note and the instrument itself introduced in evidence, purported to be by mark. J. H. Sego, who, it developed, was the principal debtor or signer of the note, was not served with process. The plaintiff in error, who was summoned, in an answer denied generally and specially the execution of the note, and from an unfavorable judgment he has perfected an error proceeding to this court.

The main litigated issue was in regard to the signature or mark on the note, whether made by the plaintiff in error or not. To prove this fact the defendant in error and one witness, Charles Schrader, testified to admissions of plaintiff in error to the effect that he had signed the note. The admissions, it was asserted, were made during a conversation between the plaintiff in error and the defendant in error, and in which the said witness also took part, at the farm or home of the former, the time fixed being in the month of March or the springtime of the year 1892. The plaintiff in error testified that he had a conversation with the defendant in error in the presence of Charles Schrader, and in which the latter joined, but he fixes its occurrence at the farm or residence of a Mr. Webel, and that it was threshing time, or the fall of the year, and that there were present during the conversation several persons other than himself, the defendant in error, and Schrader. During his testimony he denied that he had seen or talked at his own home with the defendant in error or the witness Schrader, or the two together. They all agree as to the fact of but the one conversation, but they differ as to time and place, also do not entirely agree in regard to the parties present. During the examination in chief of the plaintiff in error, after he had testified that there was the conversation at the Webel farm and who was present thereat and joined therein, etc., he was asked, "What did you say to the plaintiff, if anything, in that conversation as to whether or not you had signed, or authorized the signing, of the

note in question?" To this an objection was interposed, which was sustained, and we are asked to review this action of the trial court. No offer of proof followed what we have detailed, and without such an offer, the error, if any, is not properly presented for review. (*Omaha Fire Ins. Co. v. Berg*, 44 Neb. 522; *Barr v. City of Omaha*, 42 Neb. 341; *Murray v. Hennessey*, 48 Neb. 608; *Alter v. Covey*, 45 Neb. 508.) One W. H. or Bert Hart was called as a witness and testified of the conversation as of occurrence at the Webel farm during threshing time,—thought it was about the middle of September. The following question was put to him: "You may now state what the defendant said to the plaintiff, if anything, at that time, in your presence, with reference to whether or not he signed the note, or authorized the signing of the note, in question." And the record of what further took place is as follows: "Objected to; incompetent, immaterial, and seeking to introduce the statements of the defendant in his own favor if anything. Sustained. Defendant excepts. Defendant now offers to prove by the witness, and he will so testify if permitted by the court, that at said time and place the defendant said to the plaintiff that he had not signed the note, or authorized any one to make his mark thereto, or place his signature to said note, and that he would not pay the same. Objected to; incompetent and immaterial. Sustained. Defendant excepts." This is of the alleged errors argued. The evidence sought to be elicited by the interrogatory to which the objection was sustained was open to the criticism of it that an answer to it would allow of evidence a "statement of the defendant in error in his own favor,—a self-serving declaration." It would be thus objectionable if to be considered as substantive evidence or as in any degree bearing directly on the question of the execution of the note by the party who made the statement; but notwithstanding this, here was a matter, a conversation relative to which all who testified of it agreed that it had transpired and that there had been but one, and they but differed in re-

gard to its time and place and what was said. We think clearly the evidence offered was competent and should have been received. Its tendency would have been to show that the defendant in error and his witness had been mistaken in regard to the time and place of the conversation, and further, to prove that when it did take place no admissions were made by plaintiff in error. For such purposes it was entirely pertinent and should have been admitted and submitted to the consideration of the jury under proper instructions, stating, limiting, and prescribing the purpose of its reception and consideration. (*Nesbit v. Stringer*, 2 Duer [N. Y.] 26.)

There were some other matters urged as erroneous, but we do not deem a discussion of them necessary at this time. The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.