GERMAN-AMERICAN BANK OF·MILWAUKEE V. J. H. STICKLE ET AL.

FILED NOVEMBER 23, 1899.  No. 9,015.

1. Review: EVIDENCE. A verdict, supported by competent evidence, will not be set aside simply because it does not comport with

the conclusion which this court, as triers of fact, might have reached.

2. **Evidence:** MOTIVE. Evidence is admissible which tends to show that a person had a motive for doing an act.

3. **Note:** EXECUTION: EVIDENCE. In the trial of an action on a promissory note, the execution of which is denied, evidence of facts and circumstances surrounding the parties, and attending the giving of the note is relevant.

4. **Default:** PARTIES: JUDGMENT. In an action against two or more persons, some of whom are in default, the court should, on the trial, render judgment against such as are in default, regardless of the finding on the issues between the plaintiff and contesting defendants.

ERROR from the district court of Thayer county. Tried below before HASTINGS, J. *Reversed.*

*Richards & Dinsmore,* for plaintiff in error.

*O. H. Scott* and *T. C. Marshall, contra.*

SULLIVAN, J.

The German-American Bank of Milwaukee sued J. H. Stickle, M. H. Weiss, C. M. Weiss and Frank Prachar upon a promissory note for $12,000. Prachar answered, denying the execution of the note. The other defendants did not plead, and were defaulted. The issue of fact raised by the pleadings was tried to a jury, and decided in favor of the answering defendant. The bank then moved for a new trial, but the application was denied, and a judgment rendered dismissing the action. It is now claimed, on behalf of plaintiff, that the verdict is not sustained by sufficient proof. We are not altogether satisfied with the finding of the jury; but, since it is supported by a fair measure of competent evidence, and approved by the trial court, we would not be justified in setting it aside on the ground that, as triers of fact, we would have reached a different conclusion. C. M. Weiss testified that the note was signed by Prachar in his presence. Several experts in chirography called by the bank

added the weight of their opinions to his testimony. Prachar positively denied that the signature in question was his, and produced evidence bearing somewhat against the reputation for veracity of C. M. Weiss in the neighborhood where he lived. The jury compared the disputed signature with signatures of Prachar conceded to be genuine. This being, in substance, the whole of the evidence, we can not say that the finding based upon it is manifestly wrong. See *People v. Gale*, 50 Mich., 237; Rogers, Expert Testimony [2d ed.], 489.

But it is asserted that the court erred in rejecting the plaintiff's offer to prove by the witness Pullen that the note in suit was given in renewal of another note for the same amount signed by all the defendants. We think the proffered testimony was relevant, and should have gone to the jury for what it was worth. The evidential fact was so related to the fact in issue that it would, in the state of the proof, logically influence the decision. Evidence is always admissible which shows that a person had a motive for doing an act. The obligation in suit was an accommodation note given at the instance, and for the benefit, of the Blue Valley Bank of Hebron. This being so, it doubtless would, in the absence of any explanation, severely tax the jury's faith to believe that Prachar, a Thayer county farmer, assumed, from mere complaisance, so serious a risk. But it is very easy to perceive that the improbability of the transaction would be materially lessened, if it were shown that he was already bound for the debt, and that by signing the renewal note the day of payment was postponed. In Stephen, Digest of Evidence, article 3, it is said: "Facts which, though not in issue, are so connected with a fact in issue as to form a part of the same transaction or subject-matter are deemed to be relevant to the fact with which they are so connected." In a note to section 52, 1 Greenleaf, Evidence, the rule is stated as follows: "It will generally be found that the circumstances of the parties to the suit, and the position in which they stood when the matter in controversy oc-

curred, are proper subjects of evidence." In discussing the subject of relevancy, in his work on the law of evidence, Wharton says: "If the hypothesis set up by the defendant is forgery, then all facts which are conditions of forgery are relevant. A party, for instance, sued on a bill, sets up forgery; to meet this hypothesis, it is admissible for the plaintiff to prove that the defendant, at the time of the making of the bill, was trying to borrow money." See 1 Wharton, Evidence [3d ed.], sec. 20. In *Dowling v. Dowling*, 10 Ir. Com. Law [Ir.], 241, it was held, in an action to recover for money loaned, that the poverty of the alleged lender was a relevant fact. In *Marcy v. Barnes*, 16 Gray [Mass.], 161, the question was whether the signature of Barnes to the note sued on was genuine. The note was given for money loaned to Baker & Co., and the defendant contended that his name was not on the note when it was delivered to the plaintiff. Evidence was received tending to show that before the loan was made Marcy ascertained, by inquiry, that Baker & Co. were worthless and that Barnes was financially responsible. The reasoning of the court in support of its conclusion that the proof was relevant is here given: "It was competent for the plaintiff to show that, before parting with his money, he exercised the reasonable precaution of making himself acquainted with the pecuniary responsibility of the parties to whom it was to be lent; and proof that he obtained information from a person, upon whose knowledge and judgment he believed he could confidently rely, that Baker & Co. were worthless and unfit to be trusted, but that Moses Barnes was a man of undoubted credit and ability, would have a tendency to create a high degree of probability that the loan would not have been made without the security afforded by his becoming a party to the note, and thus to show that his name must have been upon it when it was taken. This would be in conformity to the common experience that men of ordinary prudence consult their own interest, and use reasonable care in securing and preserving their own

property, and therefore was a circumstance which, though by no means conclusive, yet had an important bearing upon the question at issue. See 1 Starkie, Evidence [1st Am. ed.], 487. And upon such a question, evidence of inquiries made by the party in interest, and of the information obtained in reply, is not obnoxious to the objection that it is mere hearsay, but it is primary and original. The whole, taken together, is a fact which, like any other fact, may be shown and established by any competent means of proof. See 1 Greenleaf, Evidence, sec. 101." In the syllabus of *Blomgren v. Anderson*, 48 Nebr., 240, this general rule is laid down: "The circumstances surrounding the parties, their relations toward each other and the subject of the controversy at the time of the transaction involved, are proper subjects of proof." That was a case in which the dispute was whether the plaintiff had a contract for wages or was working for his board and lodging. The trial court admitted evidence to show that at the time the plaintiff entered defendant's service he was offered employment in the neighborhood at good wages. This court, holding the testimony to be relevant, remarked: "It bears directly upon the reasonableness of the defendant's claim, and is accordingly in some degree corroborative of the plaintiff's evidence in his own behalf." Other cases strongly supporting our conclusion that the rejected testimony of the witness Pullen should have been received are: *Stevenson v. Stewart*, 11 Pa. St., 307; *Trull v. True*, 33 Me., 367; *Nickerson v. Gould*, 82 Me., 512; *Woodward v. Buchanan*, 5 L. R., Q. B. [Eng.], 285; *Huntsman v. Nichols*, 116 Mass., 521.

Complaint is made because the jury were not instructed to return a verdict against the defendants who were in default. The course pursued by the trial court was entirely correct. The business of the jury was to try issues of fact, and, as between the plaintiff and the defaulted defendants, there was no issue of fact to try. The claim of the bank against J. H. Stickle, M. H. Weiss and C. M. Weiss was confessed, and judgment should have been

rendered accordingly. The court therefore erred in dismissing the action. If this were the only error committed, the cause would be remanded with direction to the trial court to render a proper judgment; but since the other error pointed out lies back of the verdict, the judgment is reversed, and a new trial awarded.

REVERSED AND REMANDED.