CORA E. BUTTERFIELD, APPELLEE, v. CITY OF BEAVER CITY, APPELLANT.

FILED MAY 7, 1909.  No. 15,672.

1. Evidence examined, and *held* sufficient to sustain the verdict of the jury and judgment of the court.

2. Instructions given and refused examined, and *held* no error.

3. New Trial: NEWLY DISCOVERED EVIDENCE. "A new trial should not be granted a party on the ground of newly discovered evidence, unless he makes it appear that the newly discovered evidence is material for him, and that he could not by the exercise of reasonable diligence have discovered and produced it at the trial." *Cunningham v. State*, 56 Neb. 691.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Halleck F. Rose, Charles A. Robbins* and *Ross J. Harper,* for appellant.

*Perry & Lambe* and *J. F. Fultz,* contra.

FAWCETT, J.

Plaintiff claims damages for personal injuries received by falling on a defective sidewalk in defendant city, which she alleges defendant had, with full knowledge and actual and constructive notice, permitted to remain in an unsafe and dangerous condition for at least 90 days prior thereto. The answer is a general denial, coupled with a plea of contributory negligence, which is denied in the reply. There was a verdict for plaintiff for $1,250, and, from a judgment thereon, this appeal is prosecuted.

30

It would serve no good purpose either to the parties or to the profession to enter upon any discussion of the law or to set out the evidence *in extenso*. The law of negligence and contributory negligence is definitely settled in this state, and well understood by the profession. The evidence clearly establishes the negligence of defendant, and utterly fails to establish the defense of contributory negligence.

It is urged that the damages awarded by the jury are excessive. The evidence fairly shows that plaintiff, who was 45 years of age, was strong and able-bodied prior to the time of her injury; that she had earned "from $1 a day to $3 and $4 a week," and on one occasion shortly prior to her injury $8 a week, and after the injury had been compelled to do lighter work for which she received $2.50 to $2.75 a week. Her physician and the city physician both testified that she ought to quit work and stop using her limb for many months, and neither of them would say that she would ever fully recover. They also both testified that at the time of the trial her ankle was weak and swollen; that she could not bear her weight upon the injured limb as upon the other; and that her limb above the ankle was showing distinct atrophy, and that use of the limb was undoubtedly painful at that time, nineteen months after the injury. In the light of such a showing we cannot say that $1,250 was an excessive allowance.

Defendant next contends that "the court erred in excluding evidence of the amount of a claim for damages filed by plaintiff against the defendant city." Defendant called the city clerk to the stand, and asked him if he had made any search for any reference to the claim of plaintiff in the record, to which he gave an affirmative answer. He was then asked if he had found any reference in the book of minutes or records of the council proceedings in regard to the plaintiff's claim. He answered that he had found two. Defendant then offered, and the court received in evidence, the two entries referred to,

which read as follows: On page 134, "Clerk read a notice of claim for damages against Beaver City by Cora E. Butterfield for injury from defective sidewalk. On motion the above claim for damages was laid on the table for one month." On page 136, par. 3: "In the matter of Cora E. Butterfield against Beaver City, claim rejected." The clerk was then asked if he had made a search among the files or papers in his custody to find the claim that had been filed, to which he gave an affirmative answer. "Q. Could you find it? A. No, sir. Q. Do you know where such claim or said claim is at this time? A. No, sir. Q. Was any such claim included in the papers or files that were turned over to you by your predecessor? A. I never seen any." He was then asked: "Q. Have you any knowledge, Mr. Leonard, as to the amount of that claim that was filed by Mrs. Butterfield? A. No knowledge of my own." Defendant then introduced Julius Greenwood, who, at the time inquired about, was a member of the council of defendant city, and interrogated him as follows: "Q. Was you on the board the time the claim was presented? A. Yes, sir. Q. What was the amount of the claim? Objected to as immaterial under the issues. Sustained. Q. Do you know the amount of the claim? Objected to as immaterial. Sustained. Q. Do you know the party who made the claim? Objected to as immaterial. Sustained. Q. Who was clerk of the board at that time, Mr. Greenwood? A. Mr. Phillips. Q. What action was taken on the claim? Objected to as immaterial. Sustained." There the examination ends. No offer was made by defendant, following these rulings of the court, to prove any of the matters called for by the questions propounded. That defendant cannot predicate error upon this has been settled by repeated decisions of this court. "Error cannot be predicated upon the refusal of the district court to permit a witness to answer a certain question, when there was made no offer of proofs which would be elicited if the desired answer was permitted to be made." *Alter v. Covey,* 45 Neb. 508.

It is urged that the court erred in entering judgment against defendant for costs, in the absence of proof that plaintiff had filed her claim with the council prior to the commencement of her action.  This contention is decided adversely to defendant in *Nance v. Falls City,* 16 Neb. 85, and *Village of Ponca v. Crawford,* 18 Neb. 551. In *Nance v. Falls City, supra,* we held that "the word 'claims' in section 80 of the chapter (14) relating to cities of the second class applies alone to those arising upon contract, and not upon tort—as for the death of a person through the negligence of the city."  Section 80, art. I, ch. 14, Comp. St. 1905, was still in existence, without amendment of any kind, at the time this action was commenced.  On the trial, defendant tendered 30 separate instructions.  The court, in an excess of generosity, gave 10 of them as asked, and one more with a slight modification.  In those 11 instructions and those given by the court on its own motion all of the law applicable to the pleadings and the evidence was fully and fairly stated to the jury, and we find nothing in any of them, outside of their number, which we think is subject to just criticism.  Defendant cannot complain of their multiplicity, as it was responsible therefor.  We find nothing in any of the instructions refused by the court, applicable to the issues and the evidence, that is not fairly stated in the instructions given.

Defendant further insists that the court erred in not granting it a new trial on the ground of newly discovered evidence.  If all of the evidence set out in the affidavits in support of this contention had been received, it could not possibly have changed the result.  In addition to that, there is no showing of diligence on the part of defendant.  There is no claim that any of the officers or the attorney of the defendant made any inquiry or investigation whatever among the neighbors and persons with whom the plaintiff had been employed, both before and after her injury, prior to the adverse result of the trial. One of the points is that plaintiff had complained of

Butterfield v. City of Beaver City.

rheumatism, and that the rheumatism may be partially responsible for the present condition of her limb; but defendant's counsel had that thought in mind during the trial, for he interrogated plaintiff on cross-examination and one of defendant's witnesses on direct examination on that point.    Dr. Copeland's affidavit shows that he would not testify to anything positively, and hence he would in no manner contradict the positive testimony of the two physicians who had testified on the trial, one of whom was the defendant's city physician.    Defendant complains that Dr. Copeland was not notified of the examination which was made of plaintiff the evening before the trial by Drs. Green and Cameron; but any failure to notify him of that meeting was as much the fault of the defendant as of the plaintiff; in fact, more so.    Defendant knew that the two physicians named were going to make an examination, and, if it desired the presence of Dr. Copeland thereat, it was its duty to use reasonable diligence to ascertain when the examination was to be had, and to notify him of that fact.    The rule is well stated in *Cunningham v. State*, 56 Neb. 691 : "A new trial should not be granted a party on the ground of newly discovered evidence, unless he makes it appear that the newly discovered evidence is material for him, and that he could not by the exercise of reasonable diligence have discovered and produced it at the trial."    Defendant has failed to bring itself within the rule, and the court did not err in holding adversely to it on this point.    After a careful examination of the entire record, we have been unable to find any prejudicial error.

The judgment of the district court is therefore

AFFIRMED.