CARRIE E. BAYARD, APPELLANT, V. CITY OF FRANKLIN, APPELLEE.

FILED JUNE 10, 1910.    No. 16,586.

1. **Municipal Corporations:** PRESENTATION OF CLAIMS. The word "claims" in section 80, art. I, ch. 14, Comp. St. 1909, relating to cities and villages, applies alone to those arising upon contract, and not upon tort, as for a personal injury caused by the negligence of the city. *Butterfield v. City of Beaver City*, 84 Neb. 417, and *Nance v. Falls City*, 16 Neb. 85, followed and approved.

2. ———: ———. Said section 80, art. I, ch. 14, Comp. St. 1909, is in force, and was not modified or repealed by chapters 15 and 16, laws 1885.

3. Judgment for costs, rendered against plaintiff, who was successful in her suit against the city, reversed and costs ordered to be taxed to the city.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Reversed with directions.*

*W. H. Miller* and *George A. Adams,* for appellant.

*H. W. Short, contra.*

REESE, C. J.

This case is here the second time. Plaintiff recovered a judgment against defendant for personal injuries, and, the cause having been appealed to this court, the judgment was affirmed. 84 Neb. 150. Upon the cause being remanded to the district court, for the purpose of enforcing the judgment, defendant filed its motion to tax the costs made in the district court to plaintiff, stating as the grounds thereof that the claim for damages was never filed or presented to the city council of defendant prior to the commencement of the action in the district court. The motion was sustained, and the costs taxed to plaintiff. From the order retaxing the costs plaintiff appeals.

It will be seen from this statement that the only question presented is as to whether, as a prerequisite to the commencement of the suit, plaintiff's claim for damages should have been presented to the city council of defendant for allowance, or, failing to do so, be subject to the payment of all the costs in the district court without reference to whether she was successful or not. It is conceded that plaintiff's claim was not so filed. Ordinarily we should be content by referring to the case of *Butterfield v. City of Beaver City,* 84 Neb. 417, and our decisions cited therein, where it was held that such filing and presentation were not necessary to the recovery of costs. But it is contended by defendant that that case and those cited therein should not be followed, but that the decision in *City of Crete v. Childs,* 11 Neb. 252, should be adhered to. This contention is based on chapters 15 and 16, laws 1885, by which it is claimed that cities of more than 1,000

and less than 25,000 inhabitants are by chapter 16 brought
under the provisions of chapter 15, which is for the gov-
ernment of cities having more than 10,000 inhabitants,
and that section 34 of the last named act, which provides
that claims against the city for personal injuries must be
presented to the city council for allowance before suit, or,
in case of failure, no costs can be allowed.  We have
sought to follow the changes in the acts of the legislature
governing cities and villages, but, for want of uniform
references to statutes amended, changed or repealed, it
has been impossible to do so to our satisfaction in the
limited time at our command.  The classification of cities
has been the subject of continual changes since 1885, and
it could serve no good purpose, had we the time, to follow
up and specify the changes made.  Chapter 15, laws 1885,
is an amendment of the law providing for the government
of cities of the second class having more than 10,000 in-
habitants.  In 1889 a new act was passed (laws 1889, ch.
15) providing for the government of cities having a popu-
lation of less than 25,000 and more than 8,000 inhabit-
ants, which was to all intents and purposes a substitute
for the act of which chapter 15, laws 1885, is an amend-
ment, and in which the section providing for the allow-
ance of unliquidated claims against cities was again
amended, but practically unchanged in so far as the re-
quirement for filing of the claim with the council was
concerned.  The section was again amended in 1895 (laws
1895, ch. 13), but the portion under consideration was
not changed in any important feature as to claims.  In
1901 the section, practically unchanged, was carried into
chapter 18, laws 1901, which was declared to be for the
government of cities having more than 5,000 and less than
25,000 inhabitants.  Similar action was taken in 1903
(laws 1903, ch. 19) with like results.  This legislation
seems to have effectually removed the section from its ap-
plication to cities of the class to which defendant belongs.
In 1879 a complete and independent act was passed pro-
viding "for the organization, government, and powers of

cities and villages" (laws 1879, p. 191, secs. 1-118), in which the section under consideration and which forms the basis of the decision in *Butterfield v. City of Beaver City, supra,* occurs. That act was originally limited to cities, towns and villages having more than 1,500 and less than 15,000, but the compiler of the statutes has substituted section 1, ch. 16, laws 1885, for section 1 of the act of 1879, which is article I, ch. 14 of the present Compiled Statutes; and this was correctly done, as the act of 1885 specifically refers to and amends that section. By that amendment the number of population was changed to "more than 1,000 and less than 25,000," and which classification includes cities of the class to which defendant belongs. We are not aware of any amendment or repeal of the act, or section 80 thereof, construed in *Butterfield v. City of Beaver City, supra,* and the decisions therein cited, and those decisions will be followed in this case. We conclude, therefore, that defendant is liable for the costs in this case, and that the district court erred in taxing them to plaintiff.

The judgment of the district court is reversed and the cause remanded, with directions to that court to vacate its order taxing the costs to plaintiff, and restore the original judgment taxing them to defendant.

REVERSED.