ESTERLINE BEELS, APPELLEE, v. GLOBE LAND & INVEST-MENT COMPANY ET AL., APPELLANTS.

FILED MAY 17, 1913. No. 17,175.

1. **Appeal: MOTION FOR NEW TRIAL: REVIEW.** To obtain a review in the supreme court of alleged errors in an action at law, the record must show that the error was presented to the trial court in a motion for a new trial, and a ruling had thereon.

2. ———: ———: ———. In a case submitted upon abstracts, an alleged error of the trial court in overruling a supplemental motion for a new trial will not be considered, unless the abstract contains the substance of the motion and of the affidavit in support thereof.

3. ————: VERDICT: REVIEW. "A verdict, supported by competent evidence, will not be set aside simply because it does not comport with the conclusion which this court, as triers of fact, might have reached." *German-American Bank v. Stickle*, 59 Neb. 321.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*A. P. Lillis, H. P. Leavitt* and *Charles E. Foster,* for appellants.

*Henry E. Maxwell* and *George L. Davis, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas county against the Globe Land & Investment Company, a corporation engaged in the business of buying, selling and exchanging land for itself and as agent for others, and John L. Maurer and William J. Hartman, its president and secretary, respectively, to recover damages arising out of an exchange of real estate between plaintiff and one C. A. Campbell, which was alleged to have been caused by the false and fraudulent representations of President Maurer and Secretary Hartman, while acting for their company. The jury returned a verdict in favor of plaintiff for the sum of $3,000, and from a judgment thereon defendants appeal.

By their eighth assignment defendants allege error in a number of instructions given by the court on its own motion; but, as this assignment is not discussed in the brief, it must be treated as waived. The eighteenth assignment, that the verdict is excessive, was not presented in the motion for a new trial, and cannot be considered. It is urged in the tenth assignment that a new trial should have been granted upon defendants' supplemental motion for a new trial. Neither the supplemental motion nor the affidavit in support thereof appears in the abstract, and cannot be considered.

We have carefully read the abstract and additional

abstract, and are unable to find any errors in the admission or rejection of evidence. The case was submitted to the jury upon instructions which respond to the pleadings and the evidence. The whole case turned upon the credibility of the witnesses. Plaintiff and her husband testified to facts and circumstances, and statements made by Maurer and Hartman to them, which, if true, justify the verdict returned by the jury. Their testimony is squarely controverted at every point by defendants Maurer and Hartman. Outside of these four parties, very few witnesses were introduced on either side, none of whom was present at the time when plaintiff and her husband say the fraudulent representations were made to them by Maurer and Hartman. On some of the collateral points the testimony of these witnesses corroborates to some extent the testimony of plaintiff and her husband, and to some extent that of defendants Maurer and Hartman, the corroboration of the latter being rather stronger than of the former. From this statement it will be seen that the testimony was conflicting upon every material point. The weight of the evidence and credibility of the witnesses were for the jury, as the jury were properly told by the trial court. Under the well-settled rule, we cannot, under such circumstances, disturb the verdict. Nothing would be gained by setting out the testimony of the witnesses in detail.

Finding no errors of law in the record, and there being sufficient evidence to sustain the verdict of the jury, the judgment of the district court must be affirmed, even though, if we had been sitting as triers of fact, we might have found the other way.

AFFIRMED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.