ALVA H. JACKSON, APPELLEE, V. OMAHA & COUNCIL BLUFFS
STREET RAILWAY COMPANY, APPELLANT.

FILED JULY 3, 1917. No. 19289.

1. Continuance: DILIGENCE. Ordinarily a party who fails to have a
   subpœna issued for a necessary witness and relies upon the lat-
   ter's promise to appear and testify has not exercised such dili-
   gence as requires a continuance in case the witness fails to keep
   his promise.

2. ——: ——. The nonattendance of witnesses subpœnaed by
   plaintiff when the trial commenced is not of itself sufficient ground
   for a continuance at the request of defendant who relied upon
   plaintiff's efforts to procure the attendance of such witnesses.

3. New Trial: NEWLY DISCOVERED EVIDENCE. "A new trial should not
   be granted a party on the ground of newly-discovered evidence,
   unless he makes it appear that the newly-discovered evidence is
   material for him, and that he could not by the exercise of reason-
   able diligence have discovered and produced it at the trial."
   *Cunningham v. State*, 56 Neb. 691.

4. Appeal: CONFLICTING EVIDENCE. Where there is a conflict of testi-
   mony, and the jury might have reached a different conclusion from

that which they returned in their verdict, but the evidence sustains the verdict, and the case is not shown to have been properly tried, the verdict will not be set aside unless it is clearly wrong.

APPEAL from the district court for Douglas county: JAMES P. ENGLISH, JUDGE. *Affirmed.*

*John L. Webster* and *W. Ross King,* for appellant.

*B. H. Dunham, Herman Aye, Herbert S. Daniel* and *John A. Moore, contra.*

HAMER, J.

Plaintiff brought this action to recover damages in the sum of $25,000 for an injury which, according to the petition, occurred by reason of the negligence of defendant's employees in prematurely starting a street car which plaintiff was attempting to board in the city of Omaha, the injury requiring the amputation of plaintiff's left leg. The answer was a general denial. From a judgment on a verdict in plaintiff's favor for $12,000 defendant appeals.

The principal assignments of error relate to the overruling of defendant's motion for leave to withdraw a juror and for a continuance of the case on account of the non-appearance of two witnesses, and the overruling of defendant's motion for a new trial. A proper understanding of these questions necessitates a review of some of the evidence. According to plaintiff's testimony, about 6 o'clock on the afternoon of July 22, 1913, he was returning from work at Twenty-ninth and Dewey streets with two of his employees, Pat Moore and Nels Jensen. The three men rode east to a transfer point at Sixteenth and Farnam streets. While waiting for a north-bound car plaintiff walked north to a flower store on the east side of Sixteenth street, intending to purchase flowers. The store was closed, and plaintiff returned to the corner. In the meantime a north-bound car had stopped at the northeast corner of the intersection to discharge and receive passengers. A number of persons, including plaintiff's companions, boarded the car. When plaintiff arrived at the rear end of the car it had not yet started. He grasped the hand-hold

over the rear step and lifted his left foot, and as he was placing it on the lower step the car gave a jerk forward, causing his foot to slip as it touched the step, and causing plaintiff to fall with his knee upon the step, his right foot dragging on the ground. While plaintiff was in this position the car proceeded about 20 feet before he was able to lift himself upon the platform of the car. Moore and Jensen were standing behind the conductor on the rear platform. When he arrived at home he found blood on his underwear and a scratch on his knee. He placed peroxide and turpentine on it. Later blood poisoning developed, and plaintiff went to a hospital August 1, where his left leg was amputated December 18.

On defendant's behalf there was evidence tending to show that plaintiff had made a statement to defendant's claim agent August 11, 1913, while plaintiff was in the hospital, and that he stated that he slipped while attempting to board a moving street car. There was also testimony by the conductors and motormen operating cars on Sixteenth street that no such accident as that which plaintiff narrated had occurred.

Moore and Jensen, who, according to plaintiff's testimony, were with him when the accident happened, failed to appear at the trial though a subpœna had been served upon them. When the trial commenced, March 3, 1915, plaintiff caused a subpœna to issue for Moore and Jensen, which was served that afternoon. They did not appear at the trial. That evening and again the next morning plaintiff made inquiry at their lodgings, but was unable to locate them. At the close of plaintiff's testimony defendant requested a a continuance on account of the absence of these men and supported its request by affidavits signed by Moore and Jensen May 30, 1914. Moore's statement was that he was not in Omaha July 22, 1913, when plaintiff testified the accident occurred, but that he was working on a farm in South Dakota; that February, 1914, plaintiff asked him to be a witness in his case against the street railway company and to testify that he was on the rear platform when the acci-

dent occurred, and that affiant narrated such a story to plaintiff's attorney. Nels Jensen's statement was that he saw plaintiff injure himself in July, 1913, while running to catch a street car, and that plaintiff had offered affiant $25 if he would testify that he was on the street car July 22, 1913, and saw the accident which plaintiff claims was caused by defendant's negligence. Defendant contends that it had exercised reasonable diligence to procure the attendance of Moore and Jensen, and excuses its failure to subpœna these men on the ground that plaintiff testified that a subpœna had been issued; that the record showed that these men had been served; and that a week before the trial the men had promised defendant's counsel that they would appear at the trial. The trial court held that defendant had not made a showing of due diligence, and that it was not justified in expecting to prove its defense by witnesses which it expected plaintiff to produce.

In overruling the motion for a continuance, was there "an abuse of a sound legal discretion?" Rev. St. 1913, sec. 7789. *Johnson v. Mills*, 31 Neb. 524, is cited by defendant in support of its contention that it was not lacking in diligence in relying on the promise of Moore and Jensen to appear and testify on its behalf. In that case the absent witness was a defendant whose interest in the result of the action justified his codefendant in relying upon his promise to attend. Ordinarily a party who fails to have a subpœna issued for a necessary witness and relies upon the latter's promise to appear and testify has not exercised such diligence as requires a continuance in case the witness fails to keep his promise. *Life Insurance Clearing Co. v. Altschuler*, 55 Neb. 341; 9 Cyc. 114.

Under the circumstances of this case, reliance upon the fact that plaintiff had issued a subpœna summoning these men as witnesses in his behalf does not excuse defendant's lack of diligence. Some courts have held that a party who relies upon the fact that his opponent has caused a subpœna to be served upon a witness is not entitled to a continuance in case the witness fails to appear, since the party

seeking the continuance has not exercised diligence. *Hutts v. Shoaf,* 88 Ind. 395; *Moore v. Goelitz,* 27 Ill. 18; *Drake v. State,* 5 Tex. App. 649. Whether this rule should be applied in all cases need not be decided. Under the circumstances of this case, however, there was good reason for denying a continuance for lack of diligence. The trial court did not abuse its discretion in overruling the motion for a continuance.

In support of its motion for a new trial, defendant produced affidavits by Moore and Jensen in which it was stated that they left the state immediately after being served with the subpœna; that they were not induced to do so by any person, but did so in order to avoid exposing the false claim of plaintiff who was their friend, and that when they learned that the trial had ended they returned to Omaha. Defendant also filed affidavits made by five other men who state that they were approached by plaintiff to falsely testify that they saw the accident upon which he bases his claim for damages. While it is stated in the affidavits filed by defendant that it had no knowledge of these witnesses until after the trial had ended, there is not a sufficient showing of diligence. It is not shown why such testimony and these new witnesses could not have been discovered by exercising reasonable diligence before the trial commenced. The name of one of the five affiants, Sorensen, was disclosed to defendant in the affidavit made by Moore eight months before the trial. Defendant was not surprised by plaintiff's testimony. The trial court did not err in overruling defendant's motion for a new trial. *Butterfield v. City of Beaver City,* 84 Neb. 417; *Andrews v. Hastings,* 85 Neb. 548; *Dresher v. Becker,* 88 Neb. 619; *Van Horn v. Cooper & Cole Bros.,* 88 Neb. 687. The rule in this state is: "A new trial should not be granted a party on the ground of newly-discovered evidence, unless he makes it appear that the newly-discovered evidence is material for him, and that he could not by the exercise of reasonable diligence have discovered and

produced it at the trial." *Cunningham v. State,* 56 Neb. 691; *Butterfield v. City of Beaver City,* 84 Neb. 417.

According to the evidence contained in the record, the inception of the wound which caused the plaintiff to lose his leg was due to the negligence of the defendant company in starting its car while the plaintiff was trying to get on board and in dragging the plaintiff some distance before the car stopped. There is a conflict of testimony, and the jury might have reached a different conclusion from that which they returned in their verdict; but, as there is evidence which sustains the verdict and the case is not shown to have been improperly tried, we are unable to set aside the verdict on the ground that it is clearly wrong. " A verdict, supported by competent evidence, will not be set aside simply because it does not comport with the conclusion which this court, as triers of fact, might have reached." *German-American Bank v. Stickle,* 59 Neb. 321; *Beels v. Globe Land & Investment Co.,* 93 Neb. 733.

The judgment of the district court is therefore

AFFIRMED.