THE CITY OF CRETE, PLAINTIFF IN ERROR, v. MARYETTA CHILDS, DEFENDANT IN ERROR.

1. **City of Second Class:** CLAIM AGAINST, FOR DAMAGES CAUSED BY DEFECTIVE SIDEWALK. To maintain an action against a city of the second class for damages occasioned by a defective sidewalk, it is not necessary to present the claim to the city council for allowance. A presentation of such claim, however, is essential to a recovery of costs against the city.

2. **Instruction to Jury.** Where an instruction is so worded as necessarily to leave the jury to uncertain conjecture as to the meaning, and therefore liable to lead the jury astray in their consideration of the case, it is good ground for a new trial.

City of Crete v. Childs.

3. ———. In this case the instruction was that under certain given "circumstances, the city is liable for its failure to perform its duties," but there was no explanation by the judge as to what those "duties" were. *Held*, erroneous.

4. **Rule of Damages.** In an action against a city to recover for damages caused by a defective sidewalk, *Held*, that the plaintiff could only recover for those damages which were directly traceable to the injury and negligence complained of as the probable cause; that damages caused by the negligence of the plaintiff in the employment of medical aid were not chargeable to the city.

5. **Instructions must be Based upon the Evidence.** If an instruction assume the possible existence of a state of facts which the jury have no right to find, there being no evidence, it is error.

ERROR to the district court for Saline county. The action there was to recover damages alleged to have been sustained by reason of a defective sidewalk in the city of Crete. Trial below before WEAVER, J., and a jury, resulted in a verdict of $300 for plaintiff, upon which she had judgment, and the city brought the case here for review upon a petition in error.

*M. B. C. True* and *J. R. Webster*, for plaintiff in error.

Plaintiff having exhibited to the jury the helpless condition of her limb, and medical experts having testified to its condition and the character of the injury, she was interrogated on cross-examination as to an electric shock and a runaway accident occurring to her subsequent to the injury, which was erroneously rejected. *Chandler v. Allison*, 10 Mich., 460–475. *Livingston v. Keech*, 34 N. Y., Sup. Ct., 547. *Pryor v. Harris*, 30 Ala., 118. Also, the rejection of a question to a medicial expert, "What in the exercise of due diligence and reasonable care for the cure the plaintiff should do, after an injury of this character," an effort

being made to show that the permanent character of the injury was caused by unskillful treatment. *Chandler v. Allison, supra.* Shearman & R. on Negligence, 598. Also, the rejection of testimony of one Fuller, who lived near by the defective sidewalk, if, in his remembrance, he considered the sidewalk dangerous to use. *Lund v. Tyngsborough,* 9 Cush., 36. *McCreary v. Turk,* 29 Ala., 244. *Whittier v. Franklin,* 46 N. H., 23. *Alexander v. Sterling,* 71 Ill., 366. Also, the city charter, requiring bills to be verified upon oath before suit commenced, and that called sessions of the council shall consider only matters presented in writing, neither of these requisites having been complied with, there was no legal proof that plaintiff had submitted her demand to the council. On the ninth instruction cited, Shearman & R. on Negligence, 598. *Stover v. Bluehill,* 51 Me., 439. *Eastman v. Sanborn,* 3 Allen, 594. *Darling v. Williams,* 35 Ohio St., 62. On tenth instruction. *Dewey v. Detroit,* 15 Mich., 307. *McGinty v. Mayor,* 5 Duer, 674. *Billings v. Worcester,* 102 Mass., 329. *Dozlon v. Clinton,* 33 Ia., 397.

*Hastings & McGintie,* for defendant in error.

As to notice of defect in sidewalk. *Mayor v. Sheffield,* 4 Wall., 189. *Ward v. Jefferson,* 24 Wis., 342. *Hubbard v. Concord,* 35 N. H., 52. 2 Dillon, Mun. Corp., 920. *Alexander v. President, etc.,* 71 Ill., 366.

As to Mr. Fuller's testimony. 1 Phill. Ev., 768, 781, 784. 1 Greenl. Ev., 440. The seventh instruction. *City v. Olmstead,* 5 Neb., 452, and cases there cited. Ninth instruction. *Stewart v. Ripon,* 38 Wis., 584. Tenth instruction. Angel on Highways, 257. *State v. Campton,* 2 N. H., 513. *Heacock v. Sherman,* 14 Wend., 58. *Requa v. Rochester,* 45 N. Y., 134. *Centerville v. Woods,* 57 Ind., 192.

LAKE, J.

We discover no error in the rejection of testimony calling for a reversal of the judgment. And the record of the proceedings of the city council of Crete, upon this claim, was properly admitted. Such presentation of the claim, however, was not requisite to a recovery of damages, as it could only affect the question of costs. Section thirty-four of the act for the incorporation of cities of the section class provides, that "no costs shall be recovered against such city in any action brought against it for any unliquidated claim which has not been presented to the city council," etc. Gen. Stat., 151.

As to the instructions given to the jury, three are mentioned in the brief of counsel for plaintiff in error as being erroneous, viz.: the seventh, ninth, and tenth. The seventh was in these words: "That a city has the exclusive control of its streets, and ample means are placed under control of its constituted authorities to maintain its streets in a safe condition, and the sidewalk is a part of the street. Under these circumstances the city is liable for its failure to perform its duties."

The first clause of this instruction contains three propositions which are doubtless correct. These propositions, or facts, are the "circumstances" or premise from which the judge draws the conclusion and tells the jury that "the city is liable for its failure to perform its duties." But to what duties did he refer, the non-performance of which would lead to the result of rendering the city liable to the plaintiff? We may presume, and it is doubtless true, that he had in mind only those legal obligations respecting the streets which the city of Crete was under to the public at the time of the accident complained of, but what assur-

ance is there that this was the understanding derived by the jury? They were not so told, either in this or in any other of the several instructions given them in charge. They should have been instructed particularly by the judge as to what duties he referred in this remark, for it was upon one of the most vital points in the case, and one in the consideration of which they ought not to have been left to depend upon mere conjecture as to his meaning, nor to adopt their own views of what the duties of the city were, as they would most probably do under the circumstances. We think too much was left to mere conjecture by this instruction, which, to say the least, was very liable to lead the jury astray in their consideration of the case.

The ninth instruction was, that if the plaintiff " employed such person or persons to attend her, for the purpose of attending her injury, as she thought competent, and in good faith, she is not responsible for the result, unless caused by some act of negligence on her part."

The rule of this instruction, otherwise expressed, seems to be that the " thought" or belief of the plaintiff as to the competency of the persons she employed to attend to her injured limb, provided she was guilty of no negligence in any other particular, was sufficient to relieve her of all responsibility for the result of the treatment, no matter how injurious and productive of evil consequences it may have been, and to fasten it upon the city. In this we think there was error. Such is not the rule of the law applicable in a case like the one under consideration. If the city were liable at all, it was only for those damages that are directly traceable to the injury and negligence complained of as the probable cause. " Generally, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate

cause of an injury, the injury must be the natural and probable consequence of the negligence or wrongful act, one which ought to have been foreseen in the light of attending circumstances.   The natural and probable consequences of a wrongful act or omission are not necessarily chargeable to the misfeasance or nonfeasance, when there is a sufficient intermediate cause operating between the wrong and the injury."   *Milwaukee, etc., R. R. Co. v. Kellogg,* 94 U. S., 469.

As between the city and the plaintiff, it was unquestionably her duty to exercise reasonable care and diligence in the employment of medical aid; and if she failed in this particular, and evil resulted in consequence of such omission of duty, surely there could be no justice in a rule relieving her and placing the responsibility upon the city.   The proximate cause of such evil would not be the negligence of the city, but her own, and she should bear it.

By the tenth instruction the jury were told that if "the injury to the plaintiff was sustained by reason of the defective manner in which the sidewalk was originally constructed, no notice to the city authorities of the defect need be proven.   They are bound to take notice of the manner in which sidewalks were originally built."

This instruction was not warranted by the evidence. There was no testimony given to the effect that the city built the walk, nor was there any that, when built, it was left in an unsafe condition; but on the contrary it was distinctly proved by the testimony of at least three of the plaintiff's own witnesses, viz.: Killian, Petit, and Bickel, that up to a short time before the accident to the plaintiff, the walk was of smooth surface and in a perfectly safe condition.   This instruction assumed the possible existence of a state of facts which the jury had no right to find, and was therefore at

variance with the rule enforced by .this court, in *Meredith v. Kennard*, 1 Neb., 312, *Meyer v. Midland Pacific R. R. Co.*, 2 Neb., 319, and other cases.

For these errors in the instructions, the judgment is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.