CITY OF LEXINGTON v. WILLIAM A. KREITZ.

FILED MAY 3, 1905.   No. 13,777.

1. **Trial.** While the practice of reading the petition to a jury in the opening statement by counsel is not to be commended, yet, unless prejudice is shown from such conduct, the sound discretion of the trial court over such matters will not be interfered with by this court.

2. **Action for Personal Injuries: EVIDENCE: REVIEW.** Proof by plaintiff of the filing of his claim with the council of a city of the second class, having less than 5,000 inhabitants, before instituting a suit for personal injuries alleged to have been received on a defective sidewalk, does not constitute reversible error.

3. **Question for Jury.** *Held,* That, under the evidence in this case, the question of plaintiff's contributory negligence was one of fact for the jury.

4. **Instructions** of the trial court examined, and *held* not prejudicial.

5. **Arguing to Jury.** Where an objection to improper remarks of an attorney used in an argument to the jury is promptly sustained by the trial judge, it is only for the excessive abuse of the latitude properly allowed counsel in addressing juries, by the use of peculiarly prejudicial language, that the judgment will be set aside by this court.

ERROR to the district court for Dawson county: CHARLES
L. GUTTERSON, JUDGE.  *Affirmed.*

*G. W. Fox* and *E. A. Cook,* for plaintiff in error.

*H. D. Rhea, contra.*

OLDHAM, C.

This is an action for personal injuries alleged to have
been received on a defective sidewalk in the city of Lex-
ington.  There was a trial to a jury, verdict for plaintiff
for $1,100, judgment on the verdict, and the defendant
city brings error to this court.

There is no dispute as to the fact that plaintiff was in-
jured on the walk, and it is conceded that the walk was in
a dangerous condition, and that the city had both direct
and constructive notice of the condition of the walk a
long time before the injury occurred.  The only defense
interposed was that of contributory negligence.  The facts
concerning the occurrence of the injury are undisputed,
and show that at about half past eight o'clock on the morn-
ing of the 15th day of April, 1903, plaintiff was walking
along the sidewalk, accompanied by another man, named
De Garmo, and that De Garmo stepped on the end of a
loose plank and tripped plaintiff, causing him to fall, and
that when plaintiff fell on the walk he received a com-
pound fracture and dislocation of his right shoulder, which
has permanently limited the use of his arm. It shows that
plaintiff was totally disabled after the injury for about
four months; that he is a paperhanger, grainer and decora-
tor by trade, and was able to earn from $2.50 to $3 a day
at his trade before the accident occurred, and that the
injury sustained has permanently affected his ability to
decorate, grain, and hang paper.  There is nothing in the
quantum of the verdict that even remotely suggests exces-
sive damages.

The first error called to our attention in the city's brief

is as to the action of the trial court in permitting plaintiff's counsel to read his petition to the jury in his opening statement. Counsel for the city contends that it is bad practice to permit the reading of pleadings to the jury in the opening statement; that the petition in cases of this nature nearly always contains an exaggerated statement of the injury, and many other immaterial allegations, and for this reason it should not be read to the jury. While we concede that the practice of reading petitions and answers to a jury as part of the opening statement is not to be commended, yet we recognize that the trial court has a sound discretion in such matters, and, unless an objection of this character is coupled with something showing actual predjudice to the party complaining, it must be held as not prejudicially erroneous.

It is next urged that the court erred in permitting plaintiff to show that he had filed a claim for his injuries with the council of the defendant city, and that the council had refused to act thereon before this cause of action was instituted. It is conceded that the city of Lexington is a city of the second class having less than 5,000 population. With reference to claims against cities of this class and villages, it is provided by statute that "no costs shall be recovered against such city or village in any action brought against it for any unliquidated claim, which has not been presented to the city council or board of trustees to be audited." Comp. St., ch. 14, art. 1, sec. 80. In *City of Crete v. Childs*, 11 Neb. 252, we held that, in an action against a city of this class for damages on a defective sidewalk, it is not necessary to present a claim to the city council for allowance, but that the presentation of such claim is essential to a recovery of costs against the city. Without any reference to the ruling in this case it was subsequently held by this court in *Nance v. Falls City*, 16 Neb. 85, that the word "claims" in section 80 of the chapter relating to cities of the second class applies alone to such claims as arise on contract and not upon tort, and that it was not necessary to file a claim with

the council of a city of this class to be able to recover costs in an action founded on tort. Later in *City of Friend v. Ingersol,* 39 Neb. 717, it is said with reference to notice: "Our statute requires all such claims to be verified by the oath of the party claimant, his agent," etc. Citing *City of Crete v. Childs, supra.* Even if the filing of this claim with the city council were not necessary to enable the plaintiff to recover his costs in the action, the proof of such fact would be, at most, error without prejudice.

It is also contended by the city that plaintiff was clearly guilty of contributory negligence in walking on the sidewalk where the injury occurred, in company with another man, and that from the evidence, if he had walked alone, he probably would not have been injured. The evidence of plaintiff, supported by his companion, tends to show that they walked on the sidewalk with abundant caution; that where the boards were out and visibly broken they stepped off the walk, and that at the place where the injury actually occurred there was eight or ten feet of the walk with no missing boards, and no visible indication that any of the boards were loose. In this state of the evidence, the question of plaintiff's contributory negligence was clearly one of fact for the jury.

It is urged generally against the instructions that they were rather vague and indefinite in the charges given. But we are pointed to no erroneous declaration of law in any of them. Counsel for the city made no requests for more specific and certain instructions on any question involved in the controversy and, consequently, is not in a position to complain of the vagueness of the instructions. There were but two questions involved in the controversy. One was the contributory negligence of plaintiff, which went directly to his right of recovery. The other was the question of the extent of the injury which he had received, if injured without any fault on his part. Both of these questions were clearly presented to the jury, consequently the instructions need no further examination.

Our attention is finally directed to the misconduct of

plaintiff's counsel in addressing the jury after the close of the testimony, and using the following language: "We have evidence of the bad condition of the sidewalks in the city here (pointing to Honorable E. A. Cook, who had heretofore been injured by falling on the walk of said city, and was then representing the city in the defense of the suit), and they (meaning the city) are now healing the injury by his (Cook's) employment in this suit." The use of this language was indeed reprehensible and deserving of severe censure from the trial judge, who did sustain an objection to the remarks. Ordinarily, when improper remarks are used by counsel in addressing a jury, an objection to such remarks, promptly sustained by the trial court, will cure the baneful influence of the language used. Where an objection has been sustained by the trial court, it is only for an excessive abuse of the latitude properly allowed counsel in addressing juries, by the use of peculiarly prejudicial language outside of the record, that the judgment will be set aside for such misconduct. In the case at bar there is nothing in the verdict returned by the jury which shows that they were in any manner influenced by the unwarranted reference of plaintiff's counsel to the serious injury which defendant's counsel had recently received on the sidewalk. As before pointed out, there is no indication of any smart money in the verdict returned, and the evidence on the question of contributory negligence so clearly preponderated in favor of plaintiff that the judgment rendered in his favor was in no probability in any manner influenced by this improper conduct. We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.