FRANK ANDERSON, APPELLEE, v. UNION STOCK YARDS COMPANY, APPELLANT.

FILED OCTOBER 4, 1906. No. 14,404.

1. **Master and Servant: ASSUMPTION OF RISKS.** A servant engaged in a hazardous occupation assumes the risk of injury to himself from all its obvious dangers.

2. **Evidence examined, and** *held* **to be insufficient to support the verdict.**

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*Greene, Breckenridge & Kinsler,* for appellant.

*Weaver & Giller, contra.*

AMES, C.

There is but one question in this case. The facts relative to it are not in dispute, and briefly but comprehensively stated are that the plaintiff was a middle-aged man of ordinary mental and physical endowments and of many years' experience as a railway switchman, in which capacity he had been for several months in the service of the defendant company and engaged in switching, coupling and uncoupling of cars at a point where the accident about to be mentioned happened. The tracks and roadbed of defendant company at that place were, and had been during all the time of the plaintiff's service, illy constructed, badly out of repair and obviously hazardous to the company's employees. The roadbed was winding and uneven, was continuously overflowed or partly submerged by water from a nearby sewer, and there were holes in and irregularities of the surface, more or less filled with mud, and caused, some of them, by the protrusion of the cross ties or the ends of them above the surface at some places and by corresponding depressions at others. So many and great were these defects that the cars, when moved over the tracks, swayed and rocked from side to side to a degree rendering it dangerous for the plaintiff to walk along the tops of them as he was frequently obliged to do in the discharge of his duties. It is the settled and undisputed law of this state that of injuries arising from any of these known and obvious defects the plaintiff, by continuing in his employment with knowledge of them, assumes the risk. *Norfolk Beet-Sugar Co. v. Hight,* 56 Neb. 162; s. c. 59 Neb. 100.

Plaintiff on a certain day stepped in between two cars, one of which was moving, for the purpose of making a coupling of them, and, in attempting to retreat from that position, lost his balance so as to be unable to mount the approaching car, as he had intended doing, and was swayed around and caught between its side and a platform of a nearby building, receiving injuries for which he re-

covered a verdict in this action. He testifies that from his sensations at the time of the accident he is satisfied that the loss of his equilibrium was due to his stepping into a hole in the roadbed just outside the railway rail and some six or eight inches deep. But he did not see such a hole either at that time, or before or after the event. But he says that he knew, and had previously known, that in that immediate locality the dirt was in places washed away so as generally to leave spaces between the ends of the ties, some of which were rotten and sticking up, and that the track there was generally out of repair and in bad condition. This is the substance of the whole of the evidence on behalf of the plaintiff with respect to the cause and the manner of the happening of the accident.

Now, accepting the doctrine of the above cited case as a major premise, the plaintiff cannot recover unless either one or the other of two inferences can reasonably be drawn from the foregoing evidence, that is to say: either that a hole such as he supposes, but of such a character as not to be obvious to him, had existed there for such a length of time, and so obviously to the defendant and its servants that they were guilty of negligence in allowing its continuance, or else that such a hole had been negligently made by the defendant or its servants without the knowledge of the plaintiff and so recently as to escape his notice. The latter of these suppositions there is no pretense of evidence to support, and the former of them is manifestly absurd. There is a third possible supposition, but it is involved in the former of those just mentioned and is disposed of with it. It may be assumed that such a hole as is suggested existed without the actual knowledge of either the plaintiff or his employer, but was the natural and probable result of the conditions of the locality with which he was familiar. In that case, danger of its production and of injury from it were risks which he assumed from the nature of his employment. In addition to the foregoing, a witness for the defense testified, with-

out contradiction, that he examined the place immediately after the accident and that there was no hole there. Presumably what the plaintiff mistook for a hole was a space between two protruding ends of cross-ties.

We are therefore of opinion that the evidence is insufficient to uphold the verdict, and recommend that the judgment be reversed and a new trial granted.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.