ROBERT C. SELLERS, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED JUNE 29, 1910. No. 16,112.

1. Master and Servant: INJURY: ASSUMPTION OF RISKS. Evidence examined, its substance stated in the opinion, and *held* insufficient to sustain a judgment for the plaintiff.

2. Trial: DIRECTING VERDICT. In such a case it is error for the trial court to refuse to direct a verdict for the defendant.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*James E. Kelby* and *Frank E. Bishop,* for appellant.

*Meier & Meier, contra.*

BARNES, J.

The plaintiff had the verdict and recovered a judgment in the district court for Lancaster county against the de-

fendant company for injuries received in attempting to step from a slanting platform, where he was at work, into an ordinary freight car. His left foot slipped and he struck the shin of his right leg against the threshold of the car door. From that judgment defendant has appealed.

It appears from the record that at the Lincoln storehouse of the defendant there is a track upon which cars are placed for loading and unloading, with a platform on the west side of the track at a level with the floor of an ordinary freight car. The north end of this platform extends about 40 feet on a uniform incline from the flat portion thereof to a level with the track on which the cars ordinarily stand; that the plaintiff had worked at this platform and storehouse for about six months before the day of the accident; that up to noon of that day he was engaged with a gang of fellow workmen unloading sacks of castings out of the car onto the flat part of the platform, and thereafter depositing them in the storehouse. During the noon hour, as was the defendant's custom, other cars were placed for loading and unloading at the level part of the platform. This placed the one that plaintiff had been working in at the north end of the string of cars alongside of the inclined portion of the platform because it was nearly unloaded, and was to be thereafter removed out of the way. By the direction of the foreman, plaintiff resumed his work in this car about 1 o'clock, and about an hour thereafter he was injured in attempting to step back into the car after having deposited a sack of castings upon the platform. It appears that he was thoroughly familiar with the location of the tracks and platform, and had been engaged in a similar work for something over six months before the accident occurred, which was on the 17th day of August, 1906, when, so far as the testimony shows, the weather conditions were perfect.

Plaintiff's testimony as to how the accident occurred was, in substance, as follows: He told us to go and un-

load the car, and we went and started to unload the car, and I had been unloading the car and was taking the castings out of the car; when I started back in I slipped and fell, and my shin hit the edge of the car door. "Q. Now, when you slipped and fell, state just how your foot or leg slipped or fell? A. I was just stepping into the car. I just took out a sack of castings—I was stepping into the car, and I put this foot in, and just as I put my foot in my foot slipped and my shin struck against the casing of that door. Q. How long had you been working for the defendant at the time when you sustained this injury? A. Well, I suppose it was about six months. I commenced to work there I think in May. Q. And just what kind of work had you been doing at that time? A. Why, I had been trucking, unloading cars, just the same as the rest of them. Of course, we always used the truck. Q. How high was the floor of the car from the sloping platform? A. Well, there where I fell it was about a foot and a half or two feet, I could not say exactly, because it hurt me so bad, and I never thought about measuring it. Q. As I understand you, you say you were getting into the car. A. I was going into the car. Yes, sir. Q. Taking a load with you? A. No, sir. Q. Just your person going in? A. Yes, sir. Q. Was it in the daytime? A. Yes, sir. Q. In broad daylight? A. Yes, sir, in broad daylight. Q. You had no load or anything you were taking into the car then? A. No, sir. Q. Simply going in to get another sack of castings? A. Yes, sir. Q. You say you stepped on the door sill? A. I stepped into the door with my left foot, and my foot slipped and my shin hit the door casing. Q. That was all there was of it? A. That was all there was of it. * * * By the Court: Q. Do you claim that the platform was out of repair? A. No; there was nothing out of .repair there. I don't claim that."

The foregoing are the undisputed facts as shown by the record. These facts, to our minds, do not show any negligence on the part of the defendant company. It had the right to use the inclined platform in conducting its

business. It is a matter of everyday knowledge, of which the court may take judicial notice, that the slanting platform in question was necessary and suitable for the transaction of the business of the railroad company, especially in trucking freight from the ground or tracks up to the level part of the platform, and as matter of convenience for loading its cars. The defendant had the right, in the absence of negligence, to plan and arrange the means and manner of doing its work, and a servant in entering and remaining in the employment of the defendant must be held to have assumed the risk of doing the work in the manner and with the appliances so manifest and observable as these were. The defendant company was not an insurer of the plaintiff against injury from his own carelessness. Its whole duty was performed by furnishing a reasonably safe and feasible place for the performance of the work. It seems to be admitted by the plaintiff that the platform, or car floor, the car door sill, and all of the appliances were in perfect condition, were not defective in any respect, and the plaintiff, when he entered upon the performance of his work, must be held to have assumed the ordinary and obvious risks of performing it. Indeed, this is a case where plaintiff's injury must have been the result purely of accident, and, if not so, then it was caused by his own negligent and careless conduct. He knew the situation perfectly; he had worked at this very car and at the slanting platform for at least an hour, and had been repeatedly in and out of the car with sacks of castings; he had nothing to manage or control but his own bodily movements in stepping from the platform back into the car for another load. As above stated, there is no pretense that there was any defect or irregularity. Nor was there anything wrong in the condition of either the platform, the door sill or the car floor. It is clear that in attempting to lift his body with one step of his left foot plaintiff, for some unexplained cause, slipped and struck his shin against the door sill of the car. There was nothing to interfere

with, to hasten, or to affect his movement, which was entirely under his own control and in every respect unhindered. It seems clear that no one is to blame for his injury but the plaintiff himself, and as a plain matter of law and reason recovery in this case should be denied. *Omaha Bottling Co. v. Theiler,* 59 Neb. 257; *Central Granaries Co. v. Ault,* 75 Neb. 249, 255; *Anderson v. Union Stock Yards Co.,* 77 Neb. 196; *Bryant v. Beebe & Runyan Furniture Co.,* 78 Neb. 155; *Manley v. Minneapolis Paint Co.,* 76 Minn. 169; *Bolsem v. Iowa C. R. Co.,* 140 Ia. 73; *Williams v. Choctaw, O. & G. R. Co.,* 149 Fed. 104; *Benson v. Peters,* 82 Neb. 189; *Westlake v. Murphy,* 85 Neb. 45.

At the close of all of the evidence the defendant moved the court to direct the jury to return a verdict in its favor, which motion was overruled. It is apparent from the foregoing that the motion should have been sustained, for it seems clear to us that the plaintiff failed to establish facts sufficient to entitle him to recover.

Without considering any of the other questions presented by this record, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

REESE, C. J., dissenting.

I do not express any opinion as to what the result of this hearing should be, and therefore do not wish to be considered as opposing the reversal of the judgment in this case. However, I do wish to express my dissent from that part of the opinion from which any inference may be drawn that the injury from which plaintiff has suffered is, or can be in any sense, attributable to his carelessness or negligence. It is not necessary that I review the facts in the case as disclosed by the evidence. In my judgment the most that can be said is that the injury is the result of an unfortunate accident for which no one is to blame.