IDA LEVIN, ADMINISTRATRIX, APPELLANT, V. LOUIS MUSER,
ADMINISTRATOR: RICHARDSON DRUG COMPANY, APPELLEE.

FILED JUNE 27, 1923.   No. 22447.

1.  **Poisons:** SALES: LABELS.   The statute of this state, regulating the
    sale of articles usually known as poisons, requires, if they are
    articles of medicine, that the word "poison" be marked on the label
    or wrapper of each package.   There is no such statutory re-
    quirement as to the sale of poisons other than articles of medicine,
    and the sale thereof without being labeled as poisons violates no
    statutory requirement and does not constitute a wanton wrong.

2.  ———: ———: LIABILITY.   A wholesale drug company sold and
    delivered to a retail druggist a bottle of poisonous oil, which was

not an article of medicine, with a label bearing the correct name of the oil, but not marked "poison." The retailer sold and delivered it, bearing the same label, to a customer, who took it home, and later, mistaking it for a throat medicine he had been using, swallowed some of the oil, which caused his death. In an action by his administratrix against the wholesale drug company to recover damages for causing wrongful death, *held*, that the sale of the poisonous oil by the wholesale drug company was not the proximate cause of the injury.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Affirmed.*

*Wymer Dressler* and *Robert D. Neely,* for appellant.

*Edwin M. Martin* and *Alfred C. Munger, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and GOOD, JJ., BLACKLEDGE, District Judge.

GOOD, J.

Ida Levin, as administratrix of the estate of Louis Levin, deceased, brought this action against Richardson Drug Company, a corporation, engaged in the wholesale drug business, and Carl T. Schmidt, operating a retail drug store, to recover damages for the wrongful death of plaintiff's decedent. Since the commencement of this action defendant Schmidt has died, and the action has been revived in the name of Louis Muser, as administrator of his estate. A general demurrer to the petition was interposed by Richardson Drug Company, which was sustained and the action as to it dismissed. Plaintiff has appealed, and the only question presented for our consideration is the correctness of the ruling on the demurrer.

Plaintiff alleges in her petition that the defendant Richardson Drug Company owned and had in its possession one certain bottle containing oil of mirbane, a deadly poison, and that ordinary care and prudence required said drug company, as a dealer in said poisonous and deadly agency, to label the same as a poison, so that persons handling or using said oil of mirbane would not

inadvertently take the same internally and be injured or killed thereby; but that said drug company, disregardi. g its duties in the premises, sold and delivered the same to the defendant Schmidt, who in turn sold and delivered it to Louis Levin without any label thereon, except the words "oil of mirbane;" that Levin took the bottle home and on the same day, believing it to be a bottle of throat gargle, which he had been using, took some of the contents in his mouth and was thereby burned a :d choked, causing him to swallow some of the oil, which resulted in his death. Plaintiff alleges that each of the defendants was negligent in failing to label the bottle as a poison and that such negligence proximately caused the death of Levin.

1. Was the drug company negligent in selling the poisonous oil to a retail druggist without labeling it as poison? If such sale was negligence, was it the proximate cause of Levin's death? The statute of this state, regulating the sale of articles usually known as poisons, requires, if they are articles of medicine, that the word "poison" be marked on the label or wrapper of each package. There is no such statutory requirement as to the sale of poisons other than articles of medicine. There is no allegation in the petition that oil of mirbane is an article of medicine, or that it is ever used for medicinal purposes. Its sale without being labeled a poison violated no statutory requirement. That the drug company was not guilty of a wanton wrong is beyond question.

2. This court, in *Spratlen v. Ish,* 100 Neb. 844, has held: "The proximate cause of an injury is that cause which, in the natural and continuous sequence, unaccompanied by any efficient intervening cause, produces the injury, and without which the result would not have occurred." Whether an alleged act of negligence is the proximate cause of an injury is ordinarily a question of fact, but, to warrant a finding that the negligent act, not amounting to a wanton wrong, is the proximate cause of

Levin v. Muser.

an injury, it must appear that the injury was a natural or probable consequence thereof, and that, in the light of attending circumstances, it should have been foreseen or anticipated. *Bryant v. Beebe & Runyan Furniture Co.*, 78 Neb. 155; *Milwaukee & St. Paul R. Co. v. Kellogg*, 94 U. S. 469.

Tested by these principles, the drug company is not liable in damages for causing the death of Levin, unless, from the facts pleaded, the inference may be reasonably drawn that his death was the natural or probable consequence of the sale of the oil without being labeled as a poison, and that under the circumstances it should have been reasonably anticipated that death, or at least serious injury, to some person would occur. We think, under the facts pleaded, that neither the death of Levin nor a serious injury to any person could be reasonably apprehended or anticipated by the sale of a poisonous substance, labeled by its proper name, to one having full knowledge of its dangerous character. If Levin was ignorant of the dangerous character of the oil purchased by him and his vendor, Schmidt, knew or had reasonable grounds for believing him ignorant of its character, then the act of Schmidt would be a new and efficient intervening cause that produced the injury, and without which it would not have occurred. We do not wish to be understood as holding that defendant Schmidt is in fact liable, or that a cause of action is stated as against him. *McKibbin v. Bax & Co.*, 79 Neb. 577, was an action to recover damages for the unlawful sale of a poison by a druggist to a minor, who in turn administered it to a third person, who was injured. It appears in that case that the minor, who purchased the drug, was 18 years of age and had knowledge of its dangerous character. A recovery in that case was denied on the ground that the sale by the druggist was not the proximate cause of the injury complained of. In this case, as above pointed out, the sale by the drug company was not an unlawful act and was

made to one having full knowledge of its dangerous character. Other cases and authorities, supporting the views herein expressed, are: *Gibson v. Torbert,* 115 Ia. 163; *Meyer v. King,* 72 Miss. 1; *McCrossin v. Noyes Bros. & Cutler,* 143 Minn. 181; 9 R. C. L. 705, sec. 13; 19 C. J. 780, sec. 46.

The allegations of the petition do not warrant an inference that the sale of the oil of mirbane by the drug company was the proximate cause of the death of Levin. The demurrer was properly sustained.

AFFIRMED.